IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FREDY ALBERTO CHAVEZ FLORES,
*Petitioner*,
v.

JEFFREY CRAWFORD, *et al.*,
*Respondents*.

1:26-cv-02423-MSN-WBP

ORDER

This matter comes before the Court on Fredy Alberto Chavez Flores's ("Petitioner") Amended Petition for Writ of Habeas Corpus, (ECF 10), in which he challenges the lawfulness of his detention by the Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). Petitioner, a citizen of El Salvador, received a final order of removal in 2013 but was granted withholding of removal. ECF 1 at ¶ 3. ICE later issued Petitioner an Order of Supervision ("OSUP"). *Id.* at ¶ 35. On May 19, 2026, however, ICE officers arrested Petitioner when he appeared for a scheduled check-in. Petitioner contends that his current detention violates 8 U.S.C. § 1231, as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001), that ICE has failed to follow its regulations in revoking his OSUP, and that he is entitled to an Immigration Judge's ("IJ") review of his claimed fear of persecution or torture before being removed to a third country.

In response to the Court's Order of August 10, 2026, ECF 11, Federal Respondents conceded that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Rojas Toj v. Mullin*, No. 1:26-cv-1142-MSN-WBP, 2026 WL 1458900 (E.D. Va. May 21, 2026). ECF 12. Accordingly, the Court incorporates the filings from *Rojas Toj* into this case and for the reasons that follow, the Court will grant the Petition.[1]

[1] The Court denies as moot Petitioner's Motion for a Temporary Restraining Order. ECF 3.

## I. BACKGROUND

Petitioner is a citizen of El Salvador. ECF 10 ¶ 1. He entered the United States in 2007 and has resided in the United States ever since. *Id.* ¶ 2, 26. In 2013, Petitioner received a final order of removal, but was granted withholding of removal under 8 U.S.C. § 1231(b)(3). On February 27, 2013, Petitioner received an OSUP because, "the Service has not effected your deportation or removal during the period prescribed by law." ECF 12-1. While on supervision, Petitioner appeared for every reporting appointment, maintained regular contact with immigration authorities, and otherwise complied with every condition imposed on him. ECF 10 at ¶ 36. On May 19, 2026, when Petitioner appeared for a routine ICE reporting appointment, he was taken into custody. *Id.* at ¶ 39. That same day, Petitioner received a Notice of Revocation of Release. ECF 12-2. The Notice does not identify the basis for the revocation. *Id.* Petitioner is detained at the Farmville Detention Center. ECF 10 at ¶ 39. Petitioner filed his Amended Petition for Writ of Habeas Corpus on August 8, 2026. ECF 10.

## II. ANALYSIS

The central question posed in the Petition is whether Petitioner's detention violates 8 U.S.C. § 1231, as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001), whether the manner in which ICE revoked Petitioner's OSUP complied with 8 C.F.R. § 241.13, and whether Petitioner is entitled to an Immigration Judge's ("IJ") review of his claimed fear of persecution or torture before being removed to a third country.

In *Rojas Toj*, the Court addressed similar claims. With respect to the petitioner's Section 1231 claim, the Court held that "a petitioner may rebut the presumption that his detention is reasonable" prior to the six-month cutoff "through 'proof that removal is not reasonably foreseeable.'" 2026 WL 1458900, at *3 (quoting *Zavvar v. Scott*, 2025 WL 2592543, at *6 (D.

Md. Sept. 8, 2025)). Such proof includes (1) the government's prior failure to effectuate a petitioner's removal order; (2) the petitioner being granted withholding of removal to the only country of which they are a citizen; (3) the government's failure to obtain travel documents or a third country's consent for the petitioner to be removed to that country; and (4) a petitioner's claim of having a credible fear of removal to the third country DHS has designated for their removal. Taken together, these circumstances suggest that a petitioner's "removal within any finite period of time is exceedingly unlikely," such that their detention violates 8 U.S.C. § 1231. *Id.*

The Court also found that under the circumstances presented "ICE failed to follow its regulations in revoking" the petitioner's OSUP. *Id.* at *4. As explained in *Rojas Toj*, a revocation of an order of supervision must comply with relevant regulations. *See id.* (citing *United States v. Morgan*, 193 F.3d 252, 266 (4th Cir. 1999)). And the failure to do so justifies releasing the petitioner. *Id.* (citing *Santamaria Orellana v. Baker*, 2025 WL 244087, at *5 (D. Md. Aug. 25, 2025)). When the OSUP is granted under 8 C.F.R. § 241.4, it may be revoked under 8 C.F.R. § 241.4(*l*)(2), "when, in the district director's opinion, revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner." When, however, the OSUP is granted under 8 C.F.R. § 241.13, it may only be revoked following "(1) an individualized determination, (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future." *Rojas Toj*, 2026 WL 1458900, at *5; *see also* 8 C.F.R. § 241.13(i)(2). Though inapplicable in *Rojas Toj*, an OSUP may also be revoked if the conditions of release have been violated. *See* 8 C.F.R. § 241.4(*l*); 8 C.F.R. § 241.13(h)(4)(i). The Court in *Rojas Toj* found that 8 C.F.R. § 241.4(*l*)(2) was not satisfied because someone other than an Executive Associate Commissioner signed the Notice of Revocation of Release. And the Court found revocation was not justified

under 8 C.F.R. § 241.13(i)(2) because changed circumstances did not render it significantly likely that in the reasonably foreseeable future the petitioner would be removed. This conclusion was based on the same considerations as the *Zadvydas* claim. *Rojas Toj*, 2026 WL 1458900, at *5.

Finally, with respect to the petitioner's claim that he was entitled to an IJ's review of his fear of removal to a third country, the Court concluded that the petitioner was "entitled to review of his removal before an IJ before any such removal could occur." *Id.* at *3 (citing *Jorge Antonio Garcia-Rivera v. Kristi Noem*, 2026 WL 1244545, at *3 (E.D. Va. Mar. 2, 2026)).

As in *Rojas Toj*, Petitioner's detention violates 8 U.S.C. § 1231, as interpreted by *Zadvydas*. Despite Petitioner receiving a final order of removal in 2013, ECF 1 at ¶ 13, the government has failed to effectuate Petitioner's removal. Petitioner has been granted withholding of removal to El Salvador, *id.* at ¶ 34; *see also* ECF 10-1 at 2, precluding his removal to the only country of which he is a citizen. There is nothing in the record to suggest the government has obtained travel documents for Petitioner's removal or obtained a third country's consent for petitioner to be removed to that country. ECF 10 at ¶ 69. Taken together, Petitioner faces indefinite detention with no reasonable likelihood of removal, such that his detention violates 8 U.S.C. § 1231. He is entitled to release.

The Court also concludes that Petitioner is entitled to release based on his claim that ICE failed to follow its regulations in revoking his OSUP. The OSUP, ECF 12-1 at 2, states that supervision was granted because "the Service has not effected your deportation or removal during the period prescribed by law," suggesting the Order of Supervision was justified under 8 C.F.R. § 241.13. As such, the Order of Supervision could only be revoked under 8 C.F.R. § 241.13(i). *See Rojas Toj*, 2026 WL 1458900, at *4. But, as discussed *infra*, the record is devoid of any evidence

suggesting it had become significantly likely in the reasonably foreseeable future that the petitioner would be removed.[2]

Finally, Petitioner argues that he has a due process right not to be removed to any country to which he has expressed a fear of removal without IJ review of that claim. The Court understands that Petitioner has not yet received a decision from USCIS as to his claim of a fear of persecution if removed to a third country. ECF 1 at ¶ 69. Because Petitioner is only entitled to IJ review of his claim if it is denied by USCIS, *see Serpas v. Simon*, 2026 WL 1244544, at *6 (E.D. Va. Feb. 3, 2026), Petitioner's claim is premature, and the Court will deny it without prejudice.[3]

## III. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the Amended Petition (ECF 10) is GRANTED; it is further

ORDERED that Federal Respondents immediately release Petitioner with all his personal property; it is further

ORDERED that Petitioner's Motion for a Temporary Restraining Order (ECF 3) is DENIED as moot; it is further

ORDERED that Petitioner's Order of Supervision is RESTORED immediately and may not be revoked unless done so in compliance with the requirements of 8 C.F.R. § 241.13; and it is further

[2] Notably, the Notice of Revocation of Release identifies *no* basis for the revocation, ECF 12-2 at 2, further demonstrating that the revocation was procedurally improper. *See* 8 C.F.R. § 241.13(i)(3) (requiring that "[u]pon revocation, the alien will be notified of the reasons for revocation of his or her release" and that "[t]he Service will . . . afford [the noncitizen] an opportunity to respond to the reasons for revocation *stated in the notification*" (emphasis added)).

[3] The Court notes, however, that if USCIS denies his claim, Petitioner is entitled as a matter of due process to have that decision reviewed by an IJ. *See, e.g.*, *Serpas*, 2026 WL 1244544, at *7-8; *Garcia-Rivera v. Noem*, No. 1:26-CV-229-MSN-WBP, 2026 WL 1244545, at *3 (E.D. Va. Mar. 2, 2026); *Matute-Rivera v. ICA Farmville Detention Ctr.*, 1:26-cv-01356, ECF 8 at 5-6 (E.D. Va. June 15, 2026).

ORDERED Respondents and any of Respondents' officers, agents, servants, employees, and attorneys, as well as other person acting in concert, are ENJOINED from re-detaining Petitioner except upon a showing of sufficient changed circumstances with respect to the prospects for removal to a qualifying consenting country.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

August 14, 2026
Alexandria, Virginia